**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**TADASHI DEMETRIUS KEYES,**

       **Petitioner,**

**v.**                                                **Civil Action No. 3:17-CV-31
(GROH)**

**JOE COAKLEY, Complex Warden,**

       **Respondent.**

**REPORT AND RECOMMENDATION**

**I. Introduction**

On March 27, 2017, the *pro se* Petitioner, Tadashi Demetrius Keyes, an inmate at USP Hazelton in Bruceton Mills, West Virginia, filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence in light of the United States Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) and Mathis v. U.S., 136 S.Ct. 2243 (2016). Following the March 27, 2017 issuance by the Clerk of a Notice of Deficient Pleading, on May 8, 2017, Petitioner paid the $5.00 filing fee. ECF No. 8.

The matter is pending before this Court for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

## II. Factual and Procedural History[1]

**A. Conviction and Sentence**

On January 16, 2003, in the United States District Court for the Western District of Virginia, an indictment was returned against Petitioner in Case No. 3:03-CR-8. ECF No. 3. The six-count indictment[2] charged Petitioner in Count One with conspiracy to distribute narcotics, and in Count Four with possession or use of a firearm in furtherance of a drug trafficking crime. Id. Following a jury trial, on April 8, 2004, Petitioner was found guilty as to Counts One and Four. ECF No. 149. Petitioner was sentenced to life in prison for Count One, and to a consecutive 120 months as to Count Four. ECF Nos. 206, 227.

**B. Appeal**

Petitioner filed a direct appeal with the Fourth Circuit Court of Appeals challenging his conviction and sentence. Petitioner's conviction was affirmed on February 7, 2006. ECF No. 272. However, the Fourth Circuit vacated Keyes' sentence and remanded for resentencing because the District Court improperly applied "the U.S.S.G. murder cross-reference to Keyes' sentence, finding the murder was not charged in the indictment or found by a jury beyond a reasonable doubt as to Keyes." Id. at 6.

---

[1] The facts are taken from the Petitioner's criminal Case No. 3:03-CR-8 in the United States District Court for the Western District of Virginia, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[2] The indictment charged Petitioner and four co-defendants with various felonies, however, Petitioner was charged only in Counts One and Four.

Following the directive of the Fourth Circuit, on November 1, 2007, the District Court resentenced Petitioner to an identical term of life, plus 120 months. ECF No. 285. Petitioner again appealed to the Fourth Circuit. ECF No. 290. The Fourth Circuit, in an unpublished per curiam opinion, affirmed the sentence on July 17, 2008, concluding that "the district court properly calculated the Guidelines range." USCA 4th Cir. 07-5108, ECF No. 31.

**C. Motions to Vacate and Appeals Thereof**

On December 26, 2012, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 in the sentencing court. ECF No. 371. On March 20, 2013, by memorandum opinion, the Court dismissed Petitioner's § 2255 motion to vacate as untimely. ECF No. 375. By separate "2255 Final Order" entered that date, the Court dismissed the motion to vacate for failure "to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1)" and denied a certificate of appealability. ECF No. 376. On April 4, 2013, Petitioner filed a motion to reconsider [ECF No. 377] the Court's March 20, 2013 order [ECF No. 376]. By order entered June 20, 2013, the Court denied the motion for reconsideration. ECF No. 379.

On July 15, 2013, Petitioner filed another motion to reconsider the denial of the motion to vacate under § 2255. ECF No. 380. On August 7, 2013, the District Court entered an order denying the motion for reconsideration and directing the Clerk to re-docket the motion [ECF No. 380] as a second motion to vacate [ECF No. 382]. ECF No. 383. The Order further denied without prejudice the motion to vacate [ECF No. 382] as a successive motion under § 2255, and denied a certificate of appealability. Id.

On September 6, 2013, Petitioner filed a "Motion to Vacate Court's August 7, 2013 Memorandum Opinion and Order" [ECF No. 383], citing 28 U.S.C. § 2255. ECF No. 384. In a Memorandum Opinion issued on October 3, 2013, the District Court noted, "Because Keyes appears to be challenging the constitutionality of his underlying criminal conviction and sentence, and because he continues to demand that the court reconsider the underlying issues in his case, the court construes his filing as a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255." ECF No. 385. By separate order entered on October 3, 2013, Petitioner's third motion to vacate was denied without prejudice as a successive motion to vacate, and a certificate of appealability was again denied. ECF No. 388.

On December 2, 2013, Petitioner filed an application for a certificate of appealability and a notice of appeal to the Fourth Circuit Court of Appeals, in what was assigned docket number 13-7935. ECF Nos. 390, 391, 393. On April 28, 2014, the Fourth Circuit, by unpublished per curiam opinion, dismissed the appeal as untimely. ECF No. 395. Thereafter, Petitioner filed a motion pursuant to 28 U.S.C. § 2244 for authorization to file a second or successive 28 U.S.C. § 2255 motion, relying in part on <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015). USCA 4th Cir. 16-9611, ECF No. 2. In its July 7, 2016 order denying Petitioner the requested authorization, the Fourth Circuit noted that "Keyes was not sentenced under any sentencing enhancement that relied on the residual clause and, as such, <u>Johnson</u> affords him no relief." ECF No. 412.

D.    **Instant § 2241 Petition**

4

Petitioner claims that his petition concerns his sentence. ECF No. 1 at 1. The petition asserts four grounds for relief: (1) that the Supreme Court's decisions in Johnson and Mathis support his claim that he was improperly sentenced by the District Court; (2) that his Eighth Amendment rights were violated when his sentence for a "non-violent offense" was enhanced, a claim which he asserts should be analyzed under the residual clause;[3] (3) that he disagrees with the Fourth Circuit's denial of his motion to file a second or successive § 2255 petition, but that he cannot appeal that decision to the Supreme Court, however, he believes that he can obtain relief, including the ability to appeal to the Supreme Court, through a § 2241 petition; and (4) that 18 U.S.C § 924(c) is unconstitutionally vague and violates his due process rights, a claim he believes can be reviewed under the ACCA's residual clause. ECF No. 1 at 5 – 7.

Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention because "his § 2244, § 2255(h)(2) was wrongly denied which [he is] unable to appeal but he can appeal a denial of his § 2241 issue all the way to the U.S. Supreme Court." ECF No. 1 at 9. Petitioner further asserts that the Johnson and Mathis decisions support his claims for relief. Id. As relief, the Petitioner requests that this Court vacate his sentence and remand the case for resentencing that "excludes the 'Murder Cross-Refer[e]nce" enhancement. . ." ECF No. 1-1 at 4, 6.

---

[3] Petitioner does not specify which residual clause he refers to in this claim, Ground two. ECF No. 1 at 6. Rather, he states, "The petitioner asserts herein that the only way that the lower Court can determine that a § 846 conspiracy is a violent crime—it must use the 'residual clause' analysis." ECF No. 1 at 6. In discussing Ground four, Petitioner there refers to the residual clause of the ACCA. Id. at 7.

### III. Standard of Review

**A.     Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B.     Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards that formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of

6

> the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

## IV. Analysis

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, **if** he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation

7

bar,[4] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an extremely stringent one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence[5] of a conviction, not just

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

  a. The date on which the judgment of conviction becomes final;
  b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[5] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

8

innocence of sentencing factors. United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 334-34); see also Farrow v. Revell, 541 Fed. Appx. 327, 328 (4th Cir. 2013). The Fourth Circuit has "not 'extended the reach of the savings clause to those petitioners challenging only their sentence.' " Darden v. Stephens, 426 Fed. Appx. 173, 174 (4th Cir. 2011) (quoting United States v. Poole, supra).

Petitioner does not seek relief under any permissible ground in his § 2241 petition. Rather, Petitioner has challenged his conviction and sentence arguing grounds which are appropriately presented either on a direct appeal, or in a proceeding under § 2255. Petitioner's four grounds essentially allege three claims, that: (1) his sentence was improperly enhanced by the sentencing court; (2) the Fourth Circuit's earlier denials of relief under § 2255, including the denial of his § 2244 motion to file a successive motion to vacate, have now made relief under § 2255 inadequate or ineffective; and (3) after Johnson, 18 U.S.C. § 924(c) is unconstitutionally vague, has been interpreted differently by other Courts of Appeal, and that such a conflict merits relief by either the Fourth Circuit or the United States Supreme Court. ECF No. 1 at 5 - 6. However, these claims all relate to the validity of Petitioner's conviction and sentence and such claims are properly contested either on direct appeal or in a § 2255 proceeding. None of the claims relate to the execution of his sentence, which subject is properly contested in a § 2241 proceeding.

Although Petitioner has addressed the savings clause, it is clear that he is not entitled to its application. Even if Petitioner were to meet the first and third prongs of the Jones test, he cannot meet the second element of the Jones test, because the crimes

for which he was convicted—conspiracy to distribute narcotics and possession or use of a firearm in furtherance of a drug trafficking crime—both remain criminal offenses. Additionally, Petitioner does not allege that he is actually innocent of the crimes for which he was convicted, rather, he only challenges the sentence imposed by the Court. Therefore, because Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy.  Because the savings clause is inapplicable, and Petitioner raises only issues appropriate for relief on direct appeal or in a petition filed pursuant to § 2255, Petitioner has improperly filed his petition under § 2241.  Petitioner concedes as much when he states that he is seeking relief under § 2241 because that remedy will permit him to seek further review from the United States Supreme Court, after the Fourth Circuit has repeatedly rejected his requests for relief and for a certificate of appealability.  ECF No. 1 at 6, 9.  Moreover, the issue of sentence enhancement which Petitioner raises herein was already the subject of his direct appeal which did yield him relief from the Fourth Circuit in its February 7, 2006 order, which affirmed his conviction but remanded for resentencing. W.D.Va. 3:03-CR-8, ECF No. 272.  Petitioner appears to take issue with the fact that upon resentencing the same term of imprisonment was imposed, although without the Guidelines murder cross reference about which he complained.  The petition filed herein under § 2241 contests the sentence imposed in the Western District of Virginia, and thus, is actually an attempt to obtain relief available under § 2255, and should be treated as such.[6]

---

[6] The Court also notes that, regardless of how such a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate

Petitioner asserts that he is entitled to relief under Johnson v. United States, 135 S.Ct. 2551, 2555-57 (2015), in which the Supreme Court struck the residual clause of the ACCA for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. The only portion of the ACCA that was invalidated[7] was the residual clause of 18 U.S.C. § 924 which defines "violent felony" as any crime punishable by more than one year in prison "or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . " 18 U.S.C. § 924(e)(2)(B)(ii). Moreover, in order to be entitled to raise a Johnson argument regarding the invalidity of the residual clause of 18 U.S.C. § 924, Petitioner must first have demonstrated that he is entitled to have his case considered by meeting the test for the residual clause of 28 U.S.C. § 2255. Petitioner cannot meet that burden, as he does not meet all three prongs of the Jones test, as addressed above.

However, even if Petitioner had met all three parts of the Jones test, he is not entitled to relief under Johnson. Petitioner, although convicted of a violation of 18 U.S.C § 924, was not sentenced pursuant to the residual clause of the ACCA and no predicate convictions were used to enhance his sentence. Thus, as noted by the Fourth Circuit, when it previously rejected his Johnson claims, hi sentence was unaffected by the Johnson decision. W.D.Va. 3:03-CR-8, ECF No. 412. Moreover, even if Johnson were applicable to Petitioner's situation, his Johnson claim is untimely raised.[8]

---

appellate court, which authorization is not present here.

[7] The provision of the ACCA defining "serious drug offense" under 18 U.S.C. § 924(e)(2)(A) remains in full force and effect. Additionally, the provision of the ACCA defining "violent felony" as any crime punishable by more than one year in prison that: "(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves explosive . . ." remain in full force and effect as well. 18 U.S.C. § 924(e)(2)(B).

[8] The one year statute of limitations period of 28 U.S.C. § 2255(f)(3) for filing a claim relying on the Supreme Court's decision in Johnson expired on June 26, 2016.

Finally, Petitioner's reliance on <u>Mathis</u> (explaining how courts should determine whether a state crime can be used as predicate offense under the ACCA)[9] is misplaced, again because Petitioner was not sentenced under the ACCA, and no predicate state offense was used to calculate his sentence.[10] Moreover, the Supreme Court in <u>Mathis</u> unequivocally stated that it was not announcing a new rule and that its decision was dictated by decades of precedent. 136 S.Ct. at 2257. Because <u>Mathis</u> does not announce a new rule of law, and is otherwise irrelevant to the determination of whether Petitioner can assert his claims under § 2241, Petitioner cannot meet the second prong of <u>Jones</u>.

For all the above reasons, Petitioner's claims raised under § 2241 seek relief that is instead properly considered under § 2255. Because Petitioner cannot meet the savings clause of § 2255, Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better</u>

---

[9] More specifically, the Supreme Court outlined the process by which a district court should determine, for the purpose of the Armed Career Criminal Act, if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii). 136 S.Ct. 2247-57. Prior to <u>Mathis</u>, the Supreme Court required a district court to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense. 136 S.Ct. at 2257; <u>see</u> also <u>Taylor v. United States</u>, 495 U.S. 575, 599 (1990). The Supreme Court reaffirmed this approach in <u>Mathis</u>, but added that, because the inquiry focused on the generic offense, a court "may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition." 136 S.Ct. at 2257. Accordingly, the Supreme Court concluded that if the elements of the state law crime are broader than the generic version of an enumerated federal offense, then the state law conviction could not serve as a predicate for career offender status under the Armed Career Criminal Act. <u>Id</u>.

[10] Rather, his sentencing was based on the United States Sentencing Guidelines, and initially included a murder cross reference, which sentence was vacated by the Fourth Circuit. Upon resentencing, Petitioner was sentenced without the cross reference, and that sentence was later affirmed by the Fourth Circuit.

Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 22, 2018

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE